KAVANAUGH, Circuit Judge,
concurring in the judgment:[1]
I concur only in the judgment. In my view, Stephens and Mahoney should receive interest for the full 45 days that U.S. Airways delayed payment of their lump sum pensions.
Under ERISA, if a pension plan allows retirees to select a lump sum payment in lieu of an annuity, the lump sum payment “shall be the actuarial equivalent” of the annuity. 29 U.S.C. § 1054(c)(3). That means that the lump sum must “be worth at least as much as that annuity.” Esden v. Bank of Boston, 229 F.3d 154, 163 (2d Cir.2000). The lump sums that plaintiffs received were worth less than the plan’s annuity option. Therefore, those lump sum payments violated ERISA.
There is no dispute that U.S. Airways accurately calculated plaintiffs’ lump sums to be the “actuarial equivalent” of the annuity option as of the annuity start date. There is also no dispute that the plan paid those lump sum amounts 45 days after the annuity start date. The question before this Court is therefore simple: If a lump sum and an annuity would be actuarially equivalent if the lump sum were paid on the annuity start date, is the same lump sum amount actuarially equivalent to the annuity when the lump sum is actually paid 45 days later than the annuity start date?
In my view, the answer is also simple: No. Money later is not the same as money now. Receiving $1000 45 days from now is not equivalent to receiving $1000 now, because (among other things) that $1000 can earn interest every day one has it. It is true that the concept of actuarial equivalence can be difficult to apply in some cases — for example, when comparing the value of health insurance plans that offer different menus of benefits. But the concept is easy to apply here. Money has time value. And because the lump sum payments had the same value as the annuity on the annuity start date, the lump sums U.S. Airways paid 45 days later were worth less than the annuity. U.S. Airways’ pension plan thus violated ERISA’s requirement that lump sum payments “be the actuarial equivalent” of the plan’s annuity option. 29 U.S.C. § 1054(c)(3); see also Berger v. Xerox Corp. Retirement Income Guarantee Plan, 338 F.3d 755, 759 (7th Cir.2003) (Posner, J.) (“The basic tradeoff involved in determining actuarial equivalence between a lump sum and an *443 accrued pension benefit is between a present and a future value, and the method of equating them is the application of a discount rate to the future value.”).
According to PBGC, so long as U.S. Airways accurately calculated lump sums that were equivalent to the annuity on the annuity start date, it does not matter that the delayed lump sums plaintiffs actually received were less valuable than the theoretical, timely lump sums. But ERISA’s actuarial equivalence requirement serves to protect actual retirees, not merely to ensure that pension plans correctly perform abstract calculations. Therefore, “ERISA requires actuarial equivalence between the actual distribution and the accrued benefit it replaces.” Miller v. Xerox Corp. Retirement Income Guarantee Plan, 464 F.3d 871, 874 (9th Cir.2006) (emphasis added). A pension plan could not satisfy ERISA by correctly calculating an actuarially equivalent lump sum, then paying only half that sum to a retiree. Similarly, a pension plan cannot satisfy ERISA by correctly calculating an actuarially equivalent lump sum, then delaying payment of that sum until a date when the sum has become less valuable.
U.S. Airways — and now PBGC, as U.S. Airways’ successor — owes plaintiffs the difference in value between the lump sums plaintiffs received and the value of those sums 45 days earlier on the annuity start date. That difference in value is, of course, the interest on plaintiffs’ lump sum pensions for the 45 days that the pension plan delayed payment of those pensions. See Contilli v. Local 705 Int’l Brotherhood of Teamsters Pension Fund, 559 F.3d 720, 722 (7th Cir.2009) (Easterbrook, C.J.) (“payments skipped as a result of the deferral must be made up, either by payment (with interest) once the deferral ends, or by a suitable actuarial adjustment to the ongoing benefits”); see generally Esden, 229 F.3d at 163-65.
To be sure, ERISA tolerates reasonable delays for a plan to calculate and make a lump sum payment. But any delayed payment must be made “with interest” in order to ensure that “the value of the pension is [not] lower than one that begins on the normal retirement date.” Contilli, 559 F.3d at 722. ERISA’s actuarial equivalence requirement contains no exception permitting a plan to withhold interest payments for administrative delays. See 29 U.S.C. § 1054(c)(3). Put another way, ERISA permits pension plans to reasonably delay lump sum payments, but it requires that delayed lump sum payments remain actuarially equivalent to annuity payments. Here, that means these plaintiffs were entitled to interest for the 45 days that U.S. Airways delayed payment of their lump sum pensions — regardless of whether U.S. Airways’ delay in making the actual payments was reasonable.
In ignoring the effect of the delay on the value of the lump sum payments that plaintiffs received, PBGC cites an IRS regulation establishing that reasonable administrative delays in a pension’s annuity payments do not affect survivorship benefits claims. See 26 C.F.R. § 1.401(a)-20, Q&A-10(b)(3). But that IRS regulation says nothing about whether interest is due on delayed payments, and likewise says nothing about ERISA’s requirement that lump sums (delayed or otherwise) be actuarially equivalent to annuities.
PBGC also relies on a statement by plaintiffs’ expert that pension plans “in practice” often deem delays of 30 days or less “reasonable” and do not pay interest. J.A. 430-31. Plaintiffs’ expert did not say that late payments are actuarially equivalent, only that “in practice” some pension plans pretend that late payments are actuarially equivalent. Regardless of whether *444 some pension plans ignore ERISA’s requirements at the margins, the law is clear, and we should enforce it as written in this case.[2]

. Judge Brown’s opinion is the controlling opinion in this case because it presents the narrowest grounds of the opinions forming a majority. See Marks v. United States, 430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977).

. I agree with the controlling opinion in affirming the District Court’s denial of plaintiffs' request for attorney's fees.